O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE A. TAYLOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM ROBINSON, JR.;<br>EVERLAST SPARRING PARTNER;<br>CENTURY MARTIAL ARTS; TKO,<br>INC. SPARING PARTNER,<br><br>　　　　Defendants.<br>_____ | Case No. CV 13-06981 DDP (PJWx)<br><br>**ORDER STRIKING FIRST AMENDED COMPLAINT AND ORDERING PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED** |

　　It appears to the court that Plaintiff's First Amended Complaint (Dkt. No. 44) was erroneously filed by the Clerk of the Court. Plaintiff filed his original Complaint on September 20, 2013. Certain Defendants filed a Motion to Dismiss and certificate of service on October 17, 2013, which the court granted on November 5, 2013.

　　Plaintiff filed his First Amended Complaint on January 16, 2014. Under Federal Rule of Civil Procedure 15(a)(1), however, the time in which Plaintiff could have amended his complaint as a matter of course had already passed.

Where, as here, more than 21 days have passed after service of a motion to dismiss under Rule 12(b), Federal Rule of Civil Procedure 15(a)(2) controls. Under Rule 15(a)(2), Plaintiff could only have filed his First Amended Complaint with Defendants' written consent or leave of the court. Plaintiff did not obtain Defendants' consent, nor did he seek leave to amend prior to filing the First Amended Complaint. Because the First Amended Complaint was not timely filed under Rule 15, it must be stricken.

Plaintiff's original Complaint states causes of action for patent and trademark infringement. Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Naked assertions, conclusions, or mere recitations of the elements of a cause of action are not sufficient. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677-678 (2009).

The court is not persuaded that Plaintiff's original Complaint meets these requirements. While the Complaint makes reference to certain attached exhibits, no exhibits appear to be attached. Nor does the Complaint identify the patent that Plaintiff allegedly owns and that Defendants have infringed. Accordingly, the court orders Plaintiff to file a brief showing why this action should not be dismissed. Plaintiff's brief must identify the particular patents and trademarks at issue and explain Plaintiff's claim to ownership of any such patents or trademarks. Plaintiff's brief shall be filed withing 14 days of the date of this Order, and shall not to exceed ten pages, not including attached exhibits, such as patent or trademark registrations. Defendant should also deliver a courtesy copy to chambers, Room 244-J, Second Floor, 312 N. Spring

Street, Los Angeles.  The court will regard any failure to file an explanatory brief as consent to dismissal of this matter.

All pending motions are VACATED and all proceedings stayed pending Plaintiff's explanatory filing and until further order of this court.

IT IS SO ORDERED.

Dated: February 12, 2015

DEAN D. PREGERSON
United States District Judge